### BROWN v. GEORGI et al.

(City Court of New York, General Term. May 27, 1898.)

1. DISCOVERY—INSPECTION OF PAPERS—DENIAL OF POSSESSION.
   A discovery is properly ordered in an action on a lease, where the complaint alleges that plaintiff lost his copy, and that defendants are in possession of a duplicate, and defendants do not deny the execution of a lease with plaintiff, but merely deny that they executed the lease mentioned in the complaint and in the application for the order of discovery, and allege that they did not have and never had in their possession any such lease, or the lease referred to by plaintiff, and that they had no knowledge of the whereabouts of any such lease.

2. SAME—NONCOMPLIANCE WITH ORDER—REMEDY.
   Under Code Civ. Proc. § 808, the court may, on defendant's refusal to comply with an order to deposit in court certain papers on which the action is based, strike his answer.

Appeal from special term.

Action by William L. Brown against William Georgi and another. From an order of discovery granted against defendants, and from an order striking their answers for refusal to comply therewith, defendants appeal. Affirmed.

Argued before CONLAN and SCHUCHMAN, JJ.

H. A. Vieu, for appellant William Georgi.
C. F. Swartt, for appellant Isabella Georgi.
William J. Walsh, for respondent.

CONLAN, J. Appeal from an order granting motion for discovery and from orders striking out the answers of the defendants for refusing to comply with the terms of the first and second orders. We are strongly constrained to believe, from the allegations in the petition and the bare denials in the opposing affidavits, that a written lease was executed between the parties of the premises in question, and this is the paper concerning which discovery is sought. The

plaintiff has sufficiently accounted for the loss of the duplicate original furnished him, and from the bare denials of the defendants it is apparent that the form of the contract sued upon may be different from the one alleged in the complaint. The defendants do not deny that they executed a lease with the plaintiff. The language is peculiar, to say the least, to wit, "denies that he and his co-defendant ever executed the lease mentioned and referred to in the moving papers on this motion and in the complaint herein, or that he ever had, or now has, any such lease in his possession or under his control, and his co-defendant says she is not now and never has had the alleged lease referred to in the moving papers herein in her possession or under her control, and has no knowledge of the whereabouts of any such lease, if any such exists." The order for discovery is not so easily evaded. It describes a certain lease or agreement "made by the above-named plaintiff, or his agent, with the above-named defendants, or either of them, between August 15, 1896, and October, 1896, of premises No. 113 West Seventy-First street, in the city of New York, and any lease, agreement, or writing under which the said defendants, or either of them, occupied the said premises, from October 1, 1896, to May, 1897, and under which they, or either of them, paid rent for the months of October, November, and December, 1896." That the defendants were in possession and occupancy of the premises under some lease or agreement sufficiently appears from the record presented on this appeal, and, in so far as the allegations of the complaint concern such possession and occupancy, are attempted to be denied in the answers of the defendants. These denials ought to be wholly disregarded. In Hepburn v. Archer, 20 Hun, 535, it was held that the bare denial of possession of the contracts was not sufficient for the court to deny a motion to have such contracts deposited with the court for inspection, and in numerous cases it has been held that the affidavit must show positively, and not evasively, that the paper is not in the party's possession. Briefly stated, the situation may be said to be substantially as follows: The parties exchanged leases, and the plaintiff, having lost his copy, brings his case upon the best recollection of the subject-matter or upon his knowledge of the facts at the time of framing his complaint. Because he has not closely followed the provisions of the instrument sued upon, the defendants evasively deny the existence of any such paper as the one sued upon; and then, for the purpose of discovering the precise paper, a petition is presented to the court, in which the description of the paper is attempted, and again the defendants deny having executed any such paper. They nowhere deny having executed a lease of the premises occupied by the defendants, and belonging to the plaintiff. We are of the opinion, from all that appears on the record, that the opposition manifested by the defendants to the motion for discovering is not meritorious, and ought not to be permitted to delay or postpone the regular and ordinary progress of the action to an early and final determination. If the differences of the parties can be adjusted or disposed of in the action now pending, we see no reason why such course should not be followed. That they could is clear to us, if the paper in the defendants' possession

is produced, and the plaintiff allowed to amend his pleadings with reference thereto, as he may be advised after an examination of it. Under the provisions of section 808 of the Code, the court had the undoubted power to strike out the defendants' plea for their failure to comply with the terms of the orders for depositing all the papers in court. We think the whole matter was properly disposed of in the court below, and that the orders appealed from should be affirmed.

Orders affirmed, with costs.

SCHUCHMAN, J., concurs.